PAUL HASTINGS LLP
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
AJA NUNN (SB# 347676)
ajanunn@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
Daymon Worldwide Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE MCKEOWN, an individual, on behalf of him/herself and all similarly situated individuals,<br><br>Plaintiff(s),<br><br>vs.<br><br>SAS RETAIL SERVICES, LLC, a Delaware Limited Liability Company, DOES 1-20, inclusive,<br><br>Defendant(s). | CASE NO. 3:25-cv-3654<br><br>**DEFENDANT DAYMON WORLDWIDE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Alameda County Superior Court Case No. 24CV103608 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF KRISTINE MCKEOWN AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant Daymon Worldwide Inc. ("Daymon") hereby removes this action from the Superior Court of California in and for the County of Alameda (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, section 4(a), 119 Stat. 9). In support of removal, Defendant alleges as follows:

## PLEADINGS, PROCESS, AND ORDERS

1. This lawsuit arises out of Plaintiff Kristine McKeown's ("Plaintiff") alleged employment with Defendants Daymon, Advantage Solutions, Inc. (erroneously sued as Adavantage Solutions, Inc.) ("Advantage"), and SAS Retail Services, LLC ("SAS").[1] On December 17, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Alameda, styled *Kristine McKeown, an individual, on behalf of him/herself and all similarly situated individuals, vs. SAS Retail Services LLC, a Delaware limited liability company; and Does 1-20, inclusive;* bearing Case No. 24CV103608 (the "Complaint"). The Complaint asserts the following eight causes of action: (1) Failure to Pay State Minimum Wage (Cal. Lab. Code §§ 1197, 1194, 1194.2); (2) Failure To Pay Overtime (Cal. Lab. Code §§ 510, 1194, 1194,2); (3) Failure to Provide Meal Breaks (Cal. Lab. Code §§ 510, 226.7); (4) Failure to Provide Rest Breaks (Cal. Lab. Code §§ 512, 226.7); (5) Failure to Reimburse Work-Related Expenses (Cal. Lab. Code § 2802); (6) Failure to Timely Pay Wages During Employment (Cal.

---

[1] Daymon expressly denies that it ever had an employment relationship with Plaintiff. By filing this Notice of Removal, Daymon does not concede that it is Plaintiff's employer and expressly reserves all defenses relating to its alleged employment relationship with Plaintiff.

Lab. Code §§ 204, 210); (7) Failure to Provide Accurate Pay Stubs (Cal. Lab. Code § 226); and (8) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). Pursuant to 28 U.S.C. section 1446(b)(1), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant Daymon was served with the Complaint.

2. On December 19, 2024, Plaintiff served SAS, through its corporate agent, with copies of the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Alternative Dispute Resolution (ADR) Information Packet; and Notice of Service of Process. True and correct copies are attached hereto as **Exhibits A-F**, respectively.

3. On December 23, 2024, Plaintiff filed a Proof of Service of Summons. Attached hereto as **Exhibit G** is a true and correct copy of the Proof of Service of Summons.

4. On January 13, 2025, Plaintiff filed an Amended Summons and Doe 1 and 2 Amendments to Complaint as to Advantage and Daymon. True and correct copies are attached hereto as **Exhibits H-J,** respectively.

5. On January 21, 2025, SAS filed its Answer to Plaintiff's Complaint. Attached hereto as **Exhibit K** is a true and correct copy of Defendant's Answer.

6. On January 27, 2025, the Court issued its Tentative Ruling regarding its Complex Determination. Attached hereto as **Exhibit L** is a true and correct copy of the Tentative Ruling.

7. On January 28, 2025, the Court issued its Minute Order regarding its

1 | Complex Determination.  Attached hereto as **Exhibit M** is a true and correct copy
2 | of the Minute Order.

4 | 8. On January 30, 2025, the Court issued its Notice of Case
5 | Reassignment.  Attached hereto as **Exhibit N** is a true and correct copy of the
6 | Notice of Case Reassignment.

8 | 9. On February 4, 2025, the Court issued its Initial Case Management
9 | Order.  Attached hereto as **Exhibit O** is a true and correct copy of the Initial Case
10 | Management Order.

12 | 10. On February 7, 2025, SAS filed a Notice of Related Cases.  Attached
13 | hereto as **Exhibit P** is a true and correct copy of the Notice of Related Cases.

15 | 11. On March 13, 2025, Plaintiff filed its Declaration of Drew Lewis in
16 | Support of Informal Discovery Conference.  Attached hereto as **Exhibit Q** is a true
17 | and correct copy of the Lewis Declaration.

19 | 12. On March 17, 2025, SAS filed its Declaration of Chris A. Jalian in
20 | Response to Request for Informal Discovery Conference.  Attached hereto as
21 | **Exhibit R** is a true and correct copy of the Jalian Declaration.

23 | 13. On March 18, 2025, the Court issued its Minute Order regarding the
24 | March 18, 2025, Informal Discovery Conference.  Attached hereto as **Exhibit S** is a
25 | true and correct copy of the Minute Order.

27 | 14. On March 31, 2025, Plaintiff served Daymon, through its corporate
28 | agent, with copies of the Civil Case Cover Sheet, Notice of Case Management

Conference, Alternative Dispute Resolution Information Packet, Amended Summons, Doe Amendment to Complaint (Doe 2), and Notice of Service of Process. True and correct copies are attached hereto as **Exhibits C, D, E, H, J, and T**, respectively.

15. On April 2, 2025, Plaintiff filed its Proof of Personal Service of Daymon Worldwide Inc., of all documents listed in the Notice of Service of Process. Attached hereto as **Exhibit U** is a true and correct copy of the Proof of Personal Service.

16. On April 17, 2025, Plaintiff filed her Notice of Motion and Motion to Compel Further Responses to Initial Disclosures, and for Monetary Sanctions; Memorandum of Points and Authorities in Support of Motion to Compel Further Responses to Initial Disclosures; Declaration of Drew Lewis in Support of Plaintiff's Motion to Compel Further Responses to Initial Disclosures; Plaintiff's Separate Statement in Support of Motion to Compel Further Responses to Initial Disclosures; Proposed Order Granting Plaintiff's Motion to Compel Further Responses to Initial Disclosures; and Proof of Service. True and correct copies are attached hereto as **Exhibits V-AA**, respectively.

17. Defendant Advantage has not been served.

18. Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders served upon Defendant or filed in this action.

19. Pursuant to 28 U.S.C. section 1446(b)(1), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant Daymon

was served with the Complaint.

### Removal Is Proper Under CAFA

20. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

21. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

### Minimal Diversity Exists

22. Minimal diversity under CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Akopian v. VW Credit, Inc.*, No. 2:12-CV-8679-SVW-RZ, 2012 WL 12884413, at *3 (C.D. Cal. Dec. 19, 2012) (denying motion to remand) (citation omitted); *Tuttle v. Sky Bell Asset Mgmt., LLC*, No. C 10-03588 WHA, 2011 WL 208060, at *4 (N.D. Cal. Jan. 21, 2011) (denying renewed motion to remand; "In order to satisfy the minimal diversity required by CAFA, defendants must show that 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'") (citation omitted).

23. An individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of residency is evidence of domicile absent

affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 18, 2008) (noting that "[m]aintaining a place of residence . . . provides a 'prima facie' case of domicile"). The Putative Class consists of at least one individual that is domiciled in California. Declaration of Andrew Beros ("Beros Decl."), ¶ 5. Further, Plaintiff is a California citizen. Ex. B, ¶ 2.

24. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). At the time the Complaint was filed in state court, Daymon was and still is a corporation incorporated under the laws of the state of Delaware, with its corporate headquarters in Missouri. Declaration of Robert Murray ("Murray Decl."), ¶¶ 4-5. Clayton, Missouri is where Daymon's corporate c-suite officers and board of directors direct, control and coordinate its operations. *Id.* Daymon's key executives have their primary offices in Missouri. *Id.* Daymon's principal place of business is Clayton, Missouri. *Id.* Additionally, during the time period relevant to Plaintiff's employment, April 17, 2024, through the present, Daymon has not been incorporated in California and has not had its headquarters, executive offices, directors or c-suite officers based in California. *Id.* at ¶ 6. During this period, it has not maintained a principal place of business in California. *Id.* Thus, Daymon is therefore a citizen of Delaware and Missouri.

25. The citizenship of SAS and Advantage has no bearing on diversity with respect to removal under CAFA. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); *see also Hicks v. Grimmway Enters, Inc.*, No. 22-CV-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428, at *21 (S.D. Cal. May 9, 2023) (same). Further, the Complaint names as defendants "DOES 1-20, inclusive." Pursuant to 28 U.S.C. section 1441, however, "the citizenship of defendants sued under fictitious names [must] be disregarded for [the] purpose of [determining diversity jurisdiction]." *See Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-91 (9th Cir. 1998).

26. Accordingly, because the citizenship of at least one defendant—Daymon—is diverse from the citizenship of Plaintiff, the minimal diversity requirements of CAFA are satisfied.

## THE PROPOSED CLASS MEMBERS NUMBER AT LEAST 100

27. The Proposed Class Members include: Plaintiff and all non-exempt employees who have or continue to allegedly work for Defendants in California from four (4) years prior to the filing of this Complaint to the present. *See* Ex. B, ¶ 8.

28. Since December 17, 2020, Defendants have employed no less than 13,955 non-exempt employees in the State of California. Beros Decl., ¶ 6. Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

29. A notice of removal "need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 82. If challenged, under CAFA, a removing defendant need prove by only a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). A preponderance of the evidence requires that a defendant demonstrate that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing and quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)) (quotation marks omitted).

30.  For purposes of removal, the amount in controversy is simply "an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). The removing defendant's burden "is not 'daunting,'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (quoting *Muniz v. Pilot Travel Ctrs. LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original). Moreover, under 28 U.S.C. section 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

31. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

32. Plaintiff alleges that Defendants engaged in systemic violations: "As a consequence of Defendants' failure to accurately record travel time for Plaintiff and similarly situated employees, Defendants have not paid Plaintiff and similarly situated employees for all hours worked. Plaintiff is informed and believes, and on that basis alleges, that Defendant has also failed to pay Plaintiff and similarly situated employees at least the applicable state or local minimum wage for all hours worked" (Ex. B, ¶ 21); and "As a result of Defendants' failure to accurately track or record travel time, and notwithstanding that Plaintiff and similarly situated employees are nonexempt employees, during the four years prior to the filing of this Complaint Plaintiff and similarly situated employees have worked over 8 hours per workday and/or 40 hours per workweek. However, Defendants have failed to pay Plaintiff and similarly situated employees the applicable overtime wage rate for all overtime hours worked." Ex. B, ¶ 22.

33. As a result, Plaintiff contends that Defendants violated the California Labor Code and Business and Professions Code as a result of their "1) failure to pay for all hours worked, including travel time; 2) failure to pay overtime; 3) failure to provide meal and rest breaks or pay premiums in lieu thereof; 4) failure to timely pay wages; 5) failure to provide and maintain accurate and compliant wage statements; and 6) failure to reimburse work-related expenses." Ex. B, ¶ 1.

34. For the time period of December 17, 2020, to December 29, 2024, the minimum rate of pay for Defendants' hourly employees in California was at least

$14.00; and their overtime rate of pay was at least $21.00 ($14.00 x 1.5). Defendants' hourly employees in California worked a total of at least 390,000 workweeks during the same period. Beros Decl. at ¶ 10. Assuming that the Defendants' hourly employees in California worked one hour of unpaid overtime a week, the minimum amount in controversy for overtime alone is $8,190,000.00 ($21.00 [average overtime rate of pay] x 390,000 [workweeks] = $8,190,000.00).[2] Similarly, assuming Defendants' hourly employees in California missed one meal period per week, the minimum amount in controversy for meal period premiums alone is $5,460,000.00 ($14.00 [lowest minimum wage in covered period] x 390,000 [workweeks] = $5,460,000.00).

35. Since the foregoing analysis is based on only two of the eight causes of action brought by Plaintiff for purported class-wide damages and statutory penalties, without admitting that Plaintiff and/or the purported class could recover any damages, there is no question that the amount in controversy in this action exceeds $5,000,000, as the calculation above does not account for Plaintiff's remaining causes of action or request for attorneys' fees. Taking those causes of action and the other Defendants into account would increase the amount in controversy.

---

[2] Plaintiff's allegation of being subject to the same systemic violations justifies assuming up to one-hour of unpaid overtime per workweek per Putative Class Member. *Morgan v. Childtime Childcare, Inc.*, No. SACV 17-01641 AG (KESx), 2017 U.S. Dist. LEXIS 186537, at *8-9 (C.D. Cal. Nov. 10, 2017); *see also Long v. Destination Maternity Corp.*, No. 15-cv-02836-WQH (RBBx) 2016 WL 1604968, at * 7 (S.D. Cal. Apr. 21, 2016) (finding that an assumption of "one hour of unpaid overtime per putative class member per week" is a reasonable estimate "based on the allegations that Defendant engaged in a uniform policy of failing to pay overtime wages . . . ."); *Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *13 (C.D. Cal. Feb. 19, 2019) (finding "an estimate of one hour per class member per week to be appropriate in light of Plaintiff's allegation that Defendant had a 'pattern and practice' of wage abuse, including overtime violations.").

36. Accordingly, the amount in controversy exceeds the jurisdictional threshold for removal under CAFA.

37. In setting forth this calculation, Defendants do not admit that they are liable to Plaintiff and the Putative Class Members in this amount or any amount.

38. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

## **NOTICE TO STATE COURT AND PLAINTIFF**

In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. Declaration of Aja S. Nunn ("Nunn Decl."), ¶ 2. True copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached hereto as Exhibits A and B, respectively, to the Nunn Decl., ¶ 2. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

DATED: April 25, 2025

PAUL HASTINGS LLP
CHRIS A. JALIAN
AJA S. NUNN

By: _____/s/ Chris A Jalian_____
CHRIS A. JALIAN

Attorneys for Defendant
DAYMON WORLDWIDE INC.

LEGAL_US_W # 183050362.9

Case No. 3:25-cv-3654  -12-  DEFENDANT DAYMON WORLDWIDE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT