PAUL HASTINGS LLP
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
AJA NUNN (SB# 347676)
ajanunn@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND COURTHOUSE

| | |
|---|---|
| KRISTINE MCKEOWN, an individual, on behalf of him/herself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SAS RETAIL SERVICES, LLC, a Delaware Limited Liability Company, DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 4:25-cv-03654-HSG<br><br>**DEFENDANTS SAS RETAIL SERVICES, LLC, DAYMON WORLDWIDE INC., AND ADVANTAGE SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS ALL CLAIMS**<br><br>Date:  June 10, 2025<br>Time:  2:30 p.m.<br>Ctrm:  2 – 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................... 6
II.  THE AGREEMENT IS NOT PROCEDURALLY UNCONSCIONABLE ............................................................................................ 7
     A.   Plaintiff Cannot Show Oppression, Surprise, Or Sharp Practices. ......... 7
     B.   The Incorporation Of JAMS Rules Is Not Unconscionable. ................. 8
III. THE AGREEMENT IS NOT SUBSTANTIVELY UNCONSCIONABLE ........................................................................................... 10
     A.   Plaintiff's Agreement Complies With The *Armendariz* Factors. ........ 10
     B.   The Agreement Is Not Impermissibly Broad In Scope. ...................... 10
     C.   Third-Party Beneficiaries Are A Basic Contract Principle.................. 14
     D.   Requiring Arbitration Following Termination Of Employment Is Not Substantive Unconscionable. ....................................................... 15
     E.   The Inclusion Of Bellwether Procedures Is Not Substantively Unconscionable. .................................................................................. 16
     F.   Plaintiff's Agreement Does Not Waive PAGA Claims........................ 17
     G.   THE COURT MUST APPLY THE SLIDING-SCALE TEST ........... 18
IV.  ANY UNCONSCIONABLE PROVISIONS IN THE AGREEMENT SHOULD BE SEVERED ..................................................................................... 18
V.   CONCLUSION ....................................................................................................... 19

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adolph v. Uber Techs., Inc.*,
  14 Cal. 5th 1104 (2023) .................................................................................................. 18

*Ajamian v. CantorCO2e, L.P.*,
  203 Cal. App. 4th 771 (2012) .................................................................................... 13, 14

*Ajida Techs., Inc. v. Roos Instruments, Inc.*,
  87 Cal. App. 4th 534 (2001) .......................................................................................... 15

*Allied-Bruce Terminix Cos. v. Dobson*,
  513 U.S. 265 (1995) ....................................................................................................... 14

*Anderson v. Salesforce.com, Inc.*,
  No. 18-cv-06712-PJH, 2018 WL 6728015 (N.D. Cal. Dec. 21, 2018) ............................ 13

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
  24 Cal. 4th 90 ................................................................................................................. 10

*Baltazar v. Forever 21, Inc.*,
  62 Cal. 4th 1237 (2016) .......................................................................................... 7, 8, 9

*Barrera v. Apple Am. Grp. LLC*,
  95 Cal. App. 5th 63 (2023) ............................................................................................ 18

*Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*,
  5 Cal. 4th 854 (1993) ..................................................................................................... 11

*Brown v. Dow Chem. Co.*,
  No. 18-cv-07098-MMC, 2019 U.S. Dist. LEXIS 20294
  (N.D. Cal. Feb. 7, 2019) ................................................................................................... 9

*Camarillo v. Balboa Thrift & Loan Ass'n*,
  No. 3:20-cv-00913-BEN-BLM, 2021 WL 409726
  (S.D. Cal. Feb. 4, 2021) ................................................................................................. 15

*Cervantes v. Harley-Davidson Motor Co., Inc.*,
  No. 2:24-cv-07945-HDV-KSx, 2024 U.S. Dist. LEXIS 214481
  (C.D. Cal. Nov. 25, 2024) .............................................................................................. 11

*Chico v. Hilton Worldwide, Inc.*,
  No. CV 14-5750-JFW, 2014 U.S. Dist. LEXIS 147752
  (C.D. Cal. Oct. 7, 2014) ................................................................................................... 8

*Comer v. Micor, Inc.*,
  436 F.3d 1098 (9th Cir. 2006) ....................................................................................... 14

*Cook v. Univ. of S. Cal.*,
  102 Cal. App. 5th 312 (2024), *reh'g denied* (June 13, 2024) ................................ *passim*

*Crippen v. Cent. Valley RV Outlet, Inc.*,
  124 Cal. App. 4th 1159 (2004) .................................................................................. 10
*D.C. v. Harvard-Westlake Sch.*,
  176 Cal. App. 4th 836 (2009) .................................................................................... 10
*Doctor's Assocs., Inc. v. Casarotto*,
  517 U.S. 681 (1996) ................................................................................................... 14
*Dotson v. Amgen, Inc.*,
  181 Cal. App. 4th 975 (2010) .................................................................................... 19
*Epic Sys. Corp. v. Lewis*,
  584 U.S. 497 (2018) ................................................................................................... 18
*Fitz v. NCR Corp.*,
  118 Cal. App. 4th 702 (2004) ...................................................................................... 9
*Giuliano v. Inland Empire Pers., Inc.*,
  149 Cal. App. 4th 1276 (2007) .................................................................................... 7
*Harper v. Ultimo*,
  113 Cal. App. 4th 1402 (2003) .................................................................................... 9
*Hasty v. American Auto. Assn. etc.*,
  98 Cal. App. 5th 1041 (2023) ...................................................................................... 9
*Hicks v. Utiliquest, LLC*,
  736 F. Supp. 3d 849 (E.D. Cal. 2024) ....................................................................... 14
*Kohler v. Whaleco, Inc.*,
  757 F. Supp. 3d 1112 (S.D. Cal. 2024) ..................................................................... 16
*Lamps Plus, Inc. v. Varela*,
  587 U.S. 176 (2019) ................................................................................................... 18
*Lewis v. Kelly Servs. Glob. LLC*,
  No. 2:24-cv-06781-JLS-AGR, 2024 U.S. Dist. LEXIS 233565
  (C.D. Cal. Nov. 7, 2024) ......................................................................................... 8, 9
*Little v. Auto Stiegler, Inc.*,
  29 Cal. 4th 1064 (2003) ....................................................................................... 13, 17
*MacClelland v. Cellco P'ship*,
  609 F. Supp. 3d 1024 (N.D. Cal. 2022) ..................................................................... 16
*Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*,
  89 Cal. App. 4th 1042 (2001) .................................................................................... 18
*Marino v. Chunhua Huang*,
  No. CV 24-5830-JFW(MARx), 2024 U.S. Dist. LEXIS 232437
  (C.D. Cal. Oct. 16, 2024) ........................................................................................... 12
*McGrath v. DoorDash, Inc.*,
  No. 19-CV-05279-EMC, 2020 WL 6526129 (N.D. Cal. Nov. 5, 2020) ................... 17
*McManus v. CIBC World Mkts. Corp.*,
  109 Cal. App. 4th 76 (2003) ........................................................................................ 7

*Mey v. DIRECTV, LLC*,
   971 F.3d 284 (4th Cir. 2020) ............................................................................................ 12

*Morgan v. Sundance, Inc.*,
   596 U.S. 411 (2022) .......................................................................................................... 14

*Nguyen v. OKCoin USA Inc.*,
   No. 22-cv-06022-KAW, 2023 U.S. Dist. LEXIS 27449
   (N.D. Cal. Feb. 17, 2023) ................................................................................................... 9

*Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union*,
   430 U.S. 243 (1977) .......................................................................................................... 15

*Optimum Prods. v. Home Box Off.*,
   839 F. App'x 75 (9th Cir. 2020) ....................................................................................... 15

*Parm v. Bluestem Brands, Inc.*,
   898 F.3d 869 (8th Cir. 2018) ............................................................................................ 12

*Pearson Dental Supplies, Inc. v. Superior Court*,
   48 Cal. 4th 665 (2010) ...................................................................................................... 13

*Poublon v. C.H. Robinson Co.*,
   846 F.3d 1251 (9th Cir. 2017) ............................................................................. 6, 8, 9, 13

*Ramirez v. Charter Commc'ns, Inc.*,
   16 Cal. 5th 478 (2024) ........................................................................................................ 7

*Reigelsperger v. Siller*,
   40 Cal. 4th 574 (2007) ...................................................................................................... 19

*Rice v. Downs*,
   248 Cal. App. 4th 175 (2016) ........................................................................................... 11

*Silva v. Whaleco, Inc.*,
   No. 24-cv-02890-SK, 2024 U.S. Dist. LEXIS 187951
   (N.D. Cal. Oct. 10, 2024) ................................................................................................. 16

*Stewart v. Allstate Ins. Co.*,
   No. 2:25-cv-00373-CAS(MAAx), 2025 U.S. Dist. LEXIS 36593
   (C.D. Cal. Feb. 24, 2025) ................................................................................................. 13

**STATUTES**

9 U.S.C. § 2 ............................................................................................................................ 14

CAL. CIV. CODE § 1559 ........................................................................................................... 14

CAL. CIV. CODE § 1647 ........................................................................................................... 11

## I. INTRODUCTION

Plaintiff Kristine McKeown contorts law and facts to avoid her mutual arbitration agreement (the "Agreement"). None of the arguments she advances remotely warrant setting aside her contractual promises.

***A Binding FAA-Governed Arbitration Agreement Exists***. Plaintiff twice executed the Agreement. She concedes that the Agreement requires individual arbitration of her claims against Defendants SAS Retail Services, LLC ("SAS"), Daymon Worldwide Inc. ("Daymon"), and Advantage Solutions Inc. (erroneously sued as Adavantage Solutions Inc.) ("Advantage"). And, there is no dispute that the Federal Arbitration Act ("FAA") applies to the Agreement.

***The Agreement Is Not Procedurally Unconscionable***. Plaintiff cannot show any surprise, oppression, or sharp practices that support procedural unconscionability. Plaintiff re-applied for a job knowing that she was required to execute the Agreement. Inexplicably, she now disputes that her decision to do so was not voluntary. Moreover, entering into an arbitration agreement as a condition of employment, without the right to negotiate, is expressly permitted under California law. Plaintiff cites no contrary authority. Last, the Ninth Circuit has long held that providing an arbitration agreement that incorporates the arbitration rules does not render an agreement unconscionable. *See, e.g.*, *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262-63 (9th Cir. 2017). In any event, the Agreement states that Defendants will provide a copy of the JAMS rules upon Plaintiff's request. She never so requested.

***The Agreement Is Not Substantively Unconscionable.*** First, the Agreement does not impermissibly abridge any of Plaintiff's rights. Second, the Agreement, when taken as a whole, applies only to employment disputes. Thus, *Cook v. University of Southern California*, 102 Cal. App. 5th 312 (2024), *reh'g denied* (June 13, 2024)—which is not binding on this Court—does not apply. In any event, the Ninth Circuit and California District Courts have enforced arbitration agreements identical in scope and duration. Third, as evidenced by the multiple non-employer

defendants named in this action, inclusion of third-party beneficiaries—commonplace in contracts—is justified and necessary. Last, the Agreement contains a lawful class action waiver and does not prohibit representative actions.

***Plaintiff Cannot Establish Even One Form of Unconscionability, Let Alone Both.*** Even if the Court were to find some substantive or procedural unconscionability (there is none), Plaintiff cannot show that both exist, as is required to invalidate the Agreement. In any event, the proper remedy is to sever any unenforceable provisions and enforce the remainder of the Agreement.

Accordingly, Defendants respectfully request that the Court grant its Motion to Compel Arbitration.

## II.  THE AGREEMENT IS NOT PROCEDURALLY UNCONSCIONABLE

### A.  Plaintiff Cannot Show Oppression, Surprise, Or Sharp Practices.

An arbitration agreement is only procedurally unconscionable where there is (i) "'oppression' arising from an inequality of bargaining power;" or (ii) "'surprise' arising from buried terms in a complex printed form." *McManus v. CIBC World Mkts. Corp.*, 109 Cal. App. 4th 76, 87 (2003). Plaintiff cannot make this showing.

First, California law is clear that it matters not whether Plaintiff could negotiate the terms of her Agreement. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016) (finding "no element of surprise" or "oppression or sharp practices" despite agreement at issue being a condition of employment). "[A]dhesion alone generally indicates only a low degree of procedural unconscionability." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 494 (2024); *Giuliano v. Inland Empire Pers., Inc.*, 149 Cal. App. 4th 1276, 1292 (2007) ("Arbitration clauses in employment contracts have been upheld despite claims that the clauses were unconscionable because they were presented as part of an adhesion contract on a take-it-or-leave-it basis."). The uncontroverted evidence establishes that Plaintiff twice signed her Agreement. Declaration of Andrew Beros in Support of Defendants' Motion to Compel Arbitration ("Beros Decl."), ¶¶ 21, 26, Exs. C, F. Any minimal procedural

unconscionability that may arise from the mandatory nature of the Agreement is negated by Plaintiff re-applying for the job knowing the Agreement was required, and executing it again anyway.

Second, Plaintiff was given ample time to review the document and signed it twice. Beros Decl., ¶¶ 20, 21, 26, 29, Exs. B, C, F. Plaintiff took approximately eight hours to execute her first Agreement after signing her first offer letter. Beros Decl., ¶ 21, Ex. C. Plaintiff re-applied for the job knowing she must sign the Agreement. She then took eight days to sign her offer letter and executed her Agreement approximately 30 minutes later. *Id.* at ¶¶ 25, 26, Exs. D, F.

Third, at no time did Plaintiff ask questions about the Agreement. Beros Decl., ¶ 32. Nor does she claim she did—further negating any unconscionability. *Chico v. Hilton Worldwide, Inc.*, No. CV 14-5750-JFW (SSx), 2014 U.S. Dist. LEXIS 147752, at *23-24 (C.D. Cal. Oct. 7, 2014) (finding no unconscionability where "[p]laintiff does not claim that he ever attempted to ask questions").

Last, Plaintiff fails to identify any oppressive or sharp practices (such as those warned about in *Baltazar*) on Defendants' part that resulted in her signing the Agreement. There are none. Accordingly, the Court should reject Plaintiff's frivolous procedural unconscionability arguments.

### B. The Incorporation Of JAMS Rules Is Not Unconscionable.

Plaintiff objects that the Agreement incorporates the JAMS Rules. She neglects to disclose, however, that the California Supreme Court unanimously overruled this objection nearly ten years ago. In *Baltazar*, the Supreme Court considered and rejected an employee's contention that an agreement was unconscionable because it incorporated rules by reference. *Baltazar*, 62 Cal. 4th at 1246. The Ninth Circuit joined shortly thereafter. *Poublon*, 846 F.3d at 1262 (quoting *Baltazar*, 62 Cal. 4th at 1246) ("incorporation by reference, without more, does not affect the finding of procedural unconscionability"); *Lewis v. Kelly Servs. Glob. LLC*, No. 2:24-cv-06781-JLS-AGR, 2024 U.S. Dist. LEXIS 233565, at *14-15

(C.D. Cal. Nov. 7, 2024) (finding that the Ninth Circuit has rejected *Hasty*'s incorporation by reference argument).

*Baltazar* and *Poublon* recognized that incorporating arbitration rules by reference is only problematic when incorporated rules *conceal some substantive disadvantage* to the other side. Such is the case with Plaintiff's cited authority:[1]

- In *Hasty v. American Auto. Ass'n*, 98 Cal. App. 5th 1041 (2023), the link to the rules did not and may have never worked.[2] *Id*. at 1060-61.
- In *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702 (2004),[3] the agreement was unconscionable because plaintiff was presented a *brochure* explaining the company's arbitration policy rather than the *actual policy* requiring arbitration, and the brochure did not describe the arbitration policy's "substantial curtailment" of plaintiff's rights beyond the limitations contained in the AAA rules it incorporated. *Id.* at 722-23.

In contrast to *Hasty* and *Fitz*, the link to the JAMS Rules in Plaintiff's Agreement is functional—as Plaintiff concedes. Beros Decl., ¶ 20, Ex. B; Opp. at 6. The Agreement further provides that a copy of the JAMS Rules will be provided to Plaintiff upon her request. *Id*.; *Brown v. Dow Chem. Co.*, No. 18-cv-07098-MMC, 2019 U.S. Dist. LEXIS 20294, at *4 (N.D. Cal. Feb. 7, 2019) ("To the extent Brown argues it was procedurally unconscionable for Kelly not to have attached a copy, the

---

[1] *Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2003) is inapposite—*Harper* was decided prior to (and effectively overruled by) *Baltazar* and *Poublon*.

[2] The fact that the JAMS Rules may change is immaterial. This is no different than changes to court, procedural, or statutory rules which are regular occurrences. There is no basis to find unconscionability on these grounds unless the rules (or changes thereto) deprive Plaintiff of a substantive right. *See, e.g.*, *Baltazar*, 62 Cal. 4th at 1246. And arbitration agreements incorporating the "then-current" JAMS Rules, are regularly enforced. *E.g., Nguyen v. OKCoin USA Inc.*, No. 22-cv-06022-KAW, 2023 U.S. Dist. LEXIS 27449, at *10-11 (N.D. Cal. Feb. 17, 2023) (compelling arbitration "according to the rules . . . then in effect of [AAA]").

[3] Plaintiff grossly mischaracterizes *Fitz*. The unconscionability finding in *Fitz* had *nothing* to do with arbitration rules being incorporated in plaintiff's arbitration agreement. *Fitz*, 118 Cal. App. 4th at 721-22.

1  Court disagrees, as 'the arbitration rules were easily accessible to the parties.' . . .
2  Moreover, the agreement requires Kelly to provide Brown with a copy of the rules
3  'upon request.'"). Last, there is no substantive curtailment of Plaintiff's rights under
4  the JAMS Rules; and Plaintiff points to none.

**III.   THE AGREEMENT IS NOT SUBSTANTIVELY UNCONSCIONABLE**

Failure to prove procedural unconscionability is all this Court needs to enforce the Agreement. *Crippen v. Cent. Valley RV Outlet, Inc.*, 124 Cal. App. 4th 1159, 1167 (2004) (finding no procedural unconscionability; "In light of our conclusion, we need not address whether there was a showing of substantive unconscionability."); *D.C. v. Harvard-Westlake Sch.*, 176 Cal. App. 4th 836, 868-69 (2009) (same). But, if necessary to address substantive unconscionability, it too is lacking.

**A.   Plaintiff's Agreement Complies With The *Armendariz* Factors.**

Plaintiff's Agreement ensures that the substantive rights she is afforded by statute are not waived as set forth by *Armendariz*. Plaintiff's Agreement (1) provides that the parties shall "attempt in good faith to agree on an arbitrator;" (2) ensures a written decision; (3) provides that Defendants will "pay all costs peculiar to the arbitration;[4] (4) does not set forth any limitations on available remedies; and (5) does not contain any discovery restrictions. Beros Decl., ¶ 20, Ex. B; *see also Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 90, 110-11 (2000).

**B.   The Agreement Is Not Impermissibly Broad In Scope.**

In *Cook*, the agreement was "infinite in scope" because it expressly applied to

---

[4] Plaintiff falsely asserts that there is ambiguity with respect to how costs will be allocated in arbitration between Plaintiff and a non-employer third-party beneficiary. Any ambiguity (there is none) is generated solely by Plaintiff's self-serving, confusing interpretation of the Agreement's plain language. The Agreement expressly provides that "[Defendants] shall pay all costs peculiar to the arbitration to the extent such costs would not otherwise be incurred in a court proceeding, and [Plaintiff] shall not be required to pay any type or amount of expense if such requirement would invalidate this agreement or would otherwise be contrary to the law as it exists at the time of the arbitration." Beros Decl., ¶ 20, Ex. B. There are no limitations nor carve outs. *Id.* And Defendants anticipate paying all costs consistent with the Agreement.

1  "all claims, *whether or not* arising out of Employee's University employment." *Cook*,
2  102 Cal. App. 5th at 317-19 (emphasis added).  The defendant in *Cook* conceded that
3  "the scope of the agreement—as written—is unconscionably broad" without
4  justification.  *Id.* at 321.  The Agreement at issue is distinguishable.

      A plain reading of the Agreement makes clear that the covered claims are those arising out of Plaintiff's employment.  Indeed, taken as a whole (as Plaintiff concedes it must (Opp. at 15:1)), the Agreement describes the relationship between Plaintiff and Defendants in the context of employment.  Context is important.  *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867 (1993) ("*language in a contract* must be construed in the context of that instrument as a whole, and in the circumstances of that case") (citations omitted, emphasis in original); *see* Cal. Civ. Code § 1647 ("A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates."); *see, also Rice v. Downs*, 248 Cal. App. 4th 175, 186 (2016) .  Plaintiff's interpretation would have the Court ignore the Agreement  arose out of and intends to cover the employment relationship, which is evident throughout:

- The Agreement's first sentence provides:  "It is not uncommon for disputes to arise between an employer and an employee." Beros Decl., ¶ 20, Ex. B.
- The Agreement does not extend to claims "whether or not" arising out of employment at issue in *Cook*.  *Id*.
- The definition of "Covered Claims" enumerates only employment-related statutes—*e.g.*, Title VII, Age Discrimination in Employment Act, Equal Pay Act, the California Labor Code, and state and local "employment laws."[5]  *Id*.

---

[5] Plaintiff may take issue with "including, but not limited to" in the Agreement's definition of "Claims."  This language should not be read so broadly as to render the Agreement unconscionable by expanding the definition beyond the type of claims that are enumerated (*e.g.*, employment claims). *See Cervantes v. Harley-Davidson Motor Co., Inc.*, No. 2:24-cv-07945-HDV-KSx, 2024 U.S. Dist. LEXIS 214481, at *4-5 (C.D. Cal. Nov. 25, 2024) (The parties agreed to "'arbitrate any and all claims, controversies, or disputes including but not limited to those arising out of or relating

1  • The Agreement invokes the JAMS *Employment* Arbitration Rules. *Marino v. Chunhua Huang*, No. CV 24-5830-JFW(MARx), 2024 U.S. Dist. LEXIS 232437, at *9 (C.D. Cal. Oct. 16, 2024) (limiting arbitration agreement requiring arbitration of "any and all claims or controversies" to employment claims where agreement provided that arbitration must conducted in accordance with the "then-currently-operative Employment Arbitration rules of JAMS.").

• The Agreement was a condition of *employment*. Opp. at 4:9.

Accordingly, the Agreement does not encompass claims arising from Plaintiff's hypothetical (and farfetched) "non-employment interactions,"[6] and should not be read in such a manner that would invalidate it. Cal. Civ. Code § 1643 ("[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.").

Further, "[w]hen an arbitration provision is ambiguous, we will interpret that provision, if reasonable, in a manner that renders it lawful, both because of our public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute

---

in any way to Your loan or account, this Contract, advertising or claims relating to this Contract, or the sale of this Contract.' . . . This litigation, however, arises from Song-Beverly claims regarding mechanical problems in the vehicle. There are no claims or controversies relating to Plaintiff's loan, his loan account, the Contract, the advertising, or claims related to the Contract, or the sale of the Contract. Simply put, the arbitration provision does not extend to claims related to the vehicle itself.").

[6] The Court need not accept Plaintiff's hypothetical interpretation of the Agreement and the absurd results that she suggests may follow. Numerous Circuit Courts have rejected similar arguments. *Mey v. DIRECTV, LLC*, 971 F.3d 284, 294-95 (4th Cir. 2020) ("We acknowledge that construing the broadest language of this arbitration agreement in the abstract could lead to troubling hypothetical scenarios. . . . But the question before us today is not abstract; it is tethered to the facts of this dispute and the categories of claims specifically included in this arbitration agreement. . . . We need not define the outer limits of this arbitration agreement to conclude, based on the arbitration provisions and the contract as a whole, that [Plaintiff's] TCPA claims about DIRECTV's advertising calls fall within its scope.") (; *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 878 (8th Cir. 2018) (rejecting interpretation by hypothetical in favor of looking "to the underlying factual allegations [to] determine whether they fall within the scope of the arbitration clause") (citation omitted).

resolution, and because of the general principle that we interpret a contractual provision in a manner that renders it enforceable rather than void." *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal. 4th 665, 682 (2010).  As such, should the Court determine that any term of the Agreement is ambiguous as to the scope of covered claims, it should look to the context and plain language of the Agreement as a whole.  This requires a conclusion that the Agreement's central purpose is to apply only to employment-related claims.

Notwithstanding the foregoing, California courts, including the California Supreme Court and the Ninth Circuit, routinely compel arbitration where the Agreement effectively requires arbitration of all claims.  *See, e.g., Poublon*, 846 F.3d at 1258 (requiring arbitration of "all Claims the Company might bring against You and all claims You might bring against the Company and/or any of its officers, directors, or employees"); *Stewart v. Allstate Ins. Co.*, No. 2:25-cv-00373-CAS(MAAx), 2025 U.S. Dist. LEXIS 36593, at *4 (C.D. Cal. Feb. 24, 2025) (compelling arbitration where agreement required plaintiff "to arbitrate any and all claims against Allstate that could be brought in a court . . . ."); *Anderson v. Salesforce.com, Inc.*, No. 18-cv-06712-PJH, 2018 WL 6728015, at *2 (N.D. Cal. Dec. 21, 2018) (enforcing arbitration agreement extending to "all claims or controversies, past, present or future, whether or not arising out of your employment (or its termination). . . ."); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1069 (2003) (requiring arbitration of "any and all claims . . . arising from, related to or having any relationship or connection whatsoever with [employee's] employment . . . or *other association with the Company*.") (emphasis added). The same result should issue here.

Last, Defendants have legitimate justification (which was absent in *Cook*) for drafting their Agreement to include broad language about the covered employment claims —it would be impractical, confusing, and burdensome to try and list out all claims that only could arise out of the employment relationship.  This justification is consistent with the California Court of Appeal's holding in *Ajamian v. CantorCO2e,*

*L.P.*, 203 Cal. App. 4th 771, 786 (2012): "Language such as 'any disputes, differences or controversies' may well be adequate and necessary for the parties to express their intention to arbitrate all *substantive* claims, since the number and diversity of potential future substantive claims is so great as to defy a specific enumeration of each type." *Id.* (emphasis in original).

### C. Third-Party Beneficiaries Are A Basic Contract Principle.

Plaintiff complains that the Agreement extends to Advantage Sales & Marketing LLC and its subsidiaries, affiliates, employees, agents, clients, and customers. Third-party beneficiaries are common practice in arbitration agreements and other contracts.[7] Cal. Civ. Code § 1559 ("A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."); *e.g.*, *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (holding that "nonsignatories [to an arbitration agreement] can enforce [the] agreement[] as third party beneficiaries"); *Hicks v. Utiliquest, LLC*, 736 F. Supp. 3d 849, 860 (E.D. Cal. 2024) (compelling arbitration at request of third-party beneficiary where arbitration agreement explicitly stated that it extended to "any claims or disputes that . . . [Plaintiff] may have against [Utiliquest], and/or: its parents, subsidiaries and affiliates . . . .") (alterations in original).

Further, arbitration agreements in the employment context would be virtually meaningless if they did not cover employer's affiliates (such as the company's officers, directors, employees, agents, or related entities), since these affiliates are most often named as defendants along with the company. The same has been done here. Plaintiff, despite only having an employment relationship with SAS, has also

---

[7] Since the FAA preempts any state policy that "would place arbitration clauses on an unequal 'footing'" with other contracts, Defendants' inclusion of third-party beneficiaries cannot give rise to substantive unconscionability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (1996) (citing 9 U.S.C. § 2; quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995)); *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022).

sued Daymon and Advantage. Plaintiff's Opposition further evidences the various entities implicated by her SAS employment, each of which could give rise to a host of employment-related claims against SAS's affiliates. Opp. at 2:27-3:4 (Plaintiff worked at and traveled to multiple retail locations each workday). Last, Plaintiff understands the need to cast a wide net when defining employer-related parties in employment actions. In her discovery, Plaintiff identifies SAS as "SAS . . . and any third party, representative, or agent acting on his/her/its behalf and/or any third party upon whose behalf he/she/it is acting upon"). Supplemental Declaration of Chris Jalian in Support of Reply in Support of Motion to Compel Arbitration ¶ 2, Ex. A (Plaintiff's Special Interrogatories). Accordingly, she cannot legitimately claim the Agreement's inclusion of third-party beneficiaries is unconscionable.

### D. Requiring Arbitration Following Termination Of Employment Is Not Substantive Unconscionable.

Plaintiff's argument that the Agreement is unconscionable because it is infinite is unconvincing. First, the durational concern in *Cook* must be read in the specific context of requiring arbitration of claims "*whether or not*" they related to employment. *See Cook*, 102 Cal. App. 5th at 317-18 (given "the infinite duration of the agreement," there was concern that if Cook "suffered an[y] injury related to USC or its related entities," she could be ordered to arbitrate such claims "for the rest of her life"). No similar concern exists here.

Second, California courts have "expressly h[eld] that a party's contractual duty to arbitrate disputes may survive termination of the agreement giving rise to that duty." *Ajida Techs., Inc. v. Roos Instruments, Inc.*, 87 Cal. App. 4th 534, 545 (2001); *see also Optimum Prods. v. Home Box Off.*, 839 F. App'x 75, 77 (9th Cir. 2020) ("An arbitration clause can still bind the parties, even if the parties fully performed the contract years ago.") (citing *Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 252 (1977)); *Camarillo v. Balboa Thrift & Loan Ass'n*, No. 3:20-cv-00913-BEN-BLM, 2021 WL 409726, at *8 (S.D. Cal. Feb. 4, 2021)

1  (rejecting an unconscionability argument regarding "allowing [the defendant] to always arbitrate all claims between the parties from now on until the end of times" in light of the provision stating that the arbitration clause survives contract termination).

Here, Plaintiff indicated her assent to the Agreement, which included an express provision allowing either Plaintiff or Defendants to elect arbitration even after employment relationship is terminated.  Beros Decl., ¶ 20, Ex. B.  Because such provisions survive termination and are enforceable, Plaintiff has not shown the arbitration provision is substantively unconscionable.[8]

### E. The Inclusion Of Bellwether Procedures Is Not Substantively Unconscionable.

Bellwether provisions—including the provision in the Agreement—are not inherently unconscionable.[9]  *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1128-29 (S.D. Cal. 2024) (compelling arbitration despite existence of bellwether procedure); *Silva v. Whaleco, Inc.*, No. 24-cv-02890-SK, 2024 U.S. Dist. LEXIS 187951, at *14-16 (N.D. Cal. Oct. 10, 2024) (same).  Rather, a bellwether provision may be unconscionable where it:  (1) delays the ability of potential claimants to even submit a demand to arbitration, (2) does not provide a provision tolling the statute of limitations, (3) imposes restrictions on a single law firm representing claimants (but not defendants) in all arbitrations, and (4) requires disposition of all batched arbitrations before any other case can be arbitrated.  *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1040-43 (N.D. Cal. 2022).

The Agreement's provision is free from these elements.  Plaintiff's Agreement does not prevent claimants from submitting claims to arbitration, it tolls the statute of

---

[8] Plaintiff's objection arises from the Agreement's statement that it "can be modified or revoked only by a document signed by you and the Company CEO."  Beros Decl., ¶ 20, Ex. B.  If the Court finds this provision unconscionable, it can be severed, and the remainder of the Agreement will be enforceable.  *See* Section V, *supra*.
[9] Plaintiff concedes that the JAMS mass arbitration rules are enforceable.  Opp. at 8:26-9:26.

limitations as to any inactive claims submitted to arbitration, and does not limit claimants' choice of law firm. Beros Decl., ¶ 20, Ex. B. The Agreement seeks to eliminate delay: (1) a stayed arbitration proceeding will be initiated as soon as one (not all) of the ten active arbitrations is resolved, and (2) a claimant can avoid possible delay by petitioning JAMS to waive the ten-case limit. *Id.*

Last, creating issue where there is none,[10] Plaintiff objects to the Agreement's limitation to ten arbitrations of substantially similar or overlapping allegations of fact or law pending at any given time. But Plaintiff cites no authority that remotely suggests a limitation to ten such arbitrations is unconscionable. Moreover, the Agreement's provision is bookended by what is permitted to the maximum extent of the law. Beros Decl., ¶ 20, Ex. B. In other words, if a court administering the Agreement's bellwether provision determines that more than 10-like arbitrations is required by law, it so will be permitted under the Agreement.[11]

### F. Plaintiff's Agreement Does Not Waive PAGA Claims.

The Agreement does not prohibit representative PAGA claims (which are not asserted here in any event).[12] And Plaintiff fails to point to any language in the Agreement which suggests otherwise. Opp. at 13. Rather, the Agreement requires arbitration of claims on an individual basis and includes a class/collective action waiver. Beros Decl., ¶ 20, Ex. B. This is consistent with Supreme Court authority.[13]

---

[10] *McGrath v. DoorDash, Inc.*, No. 19-CV-05279-EMC, 2020 WL 6526129, at *4 (N.D. Cal. Nov. 5, 2020) is inapt. The *McGrath* court analyzed bellwether procedures in the context of contract formation, not substantive unconscionability. The Court did "not address any argument that Plaintiffs may have on unconscionability as that would be a matter for the arbitrator to decide." *Id.* at *11.
[11] Plaintiff's hypothetical concerns regarding the timing of her arbitration are of no moment. Such speculation is legally inconsequential. *See Little*, 29 Cal. 4th at 1081 (enforcing agreement because it was "[n]o[t] . . . evident from the agreement that Little will be unable to obtain adequate discovery"). In any event, Plaintiff concedes that at most five arbitrations may currently be pending against SAS. Opp. at 9-10.
[12] Plaintiff's PAGA rights are being (over)represented in the seven related PAGA cases filed prior to Plaintiff's class action complaint. *See* ECF 1, Ex. N.
[13] By operation of law, an agreement to arbitrate on an individual basis is construed "as requiring arbitration of only [Plaintiff's] individual PAGA claims, thereby

*See, e.g.*, *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 179 (2019); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 509 (2018).

### G. THE COURT MUST APPLY THE SLIDING-SCALE TEST

Even if this Court found the Agreement to be both procedurally and substantively unconscionable (it is not), the Agreement should still be enforced. A sliding-scale test applies. Both substantive and procedural unconscionability must be present, and the Agreement will be enforceable unless one form of unconscionability is exceptionally high. *See, e.g., Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1056 (2001) ("In light of the low level of procedural unfairness, we conclude that a greater degree of substantive unfairness than has been shown here was required before the contract could [be invalidated]."). The Agreement here is not unconscionable at all, but even assuming otherwise, the level of unconscionability, is, at best, minimal. Therefore, the Agreement should be enforced under the sliding-scale test.

## IV. ANY UNCONSCIONABLE PROVISIONS IN THE AGREEMENT SHOULD BE SEVERED

If the Court finds any portion of the Agreement to be unconscionable, the proper remedy is to sever the offending provisions. For example, if the Agreement's duration is unconscionable under *Cook*, it could be saved by deleting a single sentence: "This Agreement shall survive the employer-employee relationship between the parties . . . . ~~This Agreement can be modified or revoked only by a document signed by you and the Company CEO.~~"[14] Severing the Agreement in this way is

---

precluding arbitration of the non-individual PAGA claims." *See Barrera v. Apple Am. Grp. LLC*, 95 Cal. App. 5th 63, 83 (2023). Thus, the Agreement is consistent with *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1128 (2023): "a plaintiff who files a PAGA action with individual and non-individual claims does not lose standing to litigate the non-individual claims in court simply because the individual claims have been ordered to arbitration."

[14] Alternatively, the Court could sever "include, but are not limited to" from the definition of Claims, which would unambiguously limit the Agreement to employment claims and similarly redress any resulting unconscionability issues

1  consistent with "[t]he strong legislative and judicial preference [] to sever the
2  offending term and enforce the balance of the agreement." *Dotson v. Amgen, Inc.*,
3  181 Cal. App. 4th 975, 986 (2010).

4  Moreover, severing the foregoing language will align the Agreement with
5  California Supreme Court authority that an indefinite duration is not substantively
6  unconscionable and will terminate after a reasonable time has elapsed. *Reigelsperger
7  v. Siller*, 40 Cal. 4th 574, 580 (2007) ("arbitration agreements that do not specify a
8  term of duration are terminable at will after a reasonable time has elapsed" even
9  where the agreement provides that it may cover future disputes between the parties
10 and are therefore enforceable).

11 Plaintiff's other issues with the Agreement would similarly be rendered
12 meritless with this simple severance. For example, Plaintiff argues the Agreement
13 purportedly is not limited to employment claims. But *Cook* only took issue with that
14 broader arrangement in the specific context of the agreement's purported infinite
15 duration. *See Cook*, 102 Cal. App. 5th at 316 (taking issue that plaintiff was required
16 to enter into "an arbitration agreement of *infinite duration* . . . to arbitrate all claims
17 against the employer.") (emphasis added). Absent issues of infinite scope, many
18 courts have compelled arbitration where the agreement effectively extends to all
19 claims (even though the Agreement here does not). *See* Section III.b, *infra*.

20 **V.   CONCLUSION**

21 Defendants respectfully request that this Court enforce the Agreement and
22 order Plaintiff to submit her individual claims to arbitration and dismiss all claims.

23 DATED: May 24, 2025                            PAUL HASTINGS LLP

25                                                By: _____*/s/ Chris A. Jalian*_____
                                                         CHRIS A. JALIAN
26
27                                                Attorneys for Defendants

28 raised in *Cook*. Beros Decl., ¶ 20, Ex. B.