PAUL HASTINGS LLP
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
AJA S. NUNN (SB# 347676)
ajanunn@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
DAYMON WORLDWIDE INC.,
ADVANTAGE SOLUTIONS, INC.,
and SAS RETAIL SERVICES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND COURTHOUSE

| | |
|---|---|
| KRISTINE MCKEOWN, an individual, on behalf of him/herself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SAS RETAIL SERVICES, LLC, a Delaware Limited Liability Company, DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 4:25-cv-03654-HSG<br><br>**DEFENDANTS DAYMON WORLDWIDE INC., ADVANTAGE SOLUTIONS, INC., AND SAS RETAIL SERVICES, LLC'S STATUS REPORT RE: ARBITRATION**<br><br>Ctrm:   2 – 4th Floor (Oakland)<br>Judge:  Haywood S. Gilliam Jr. |

Defendants DAYMON WORLDWIDE INC. ("Daymon"), ADVANTAGE SOLUTIONS, INC. ("Advantage") (erroneously sued as Adavantage Solutions, Inc.), and SAS RETAIL SERVICES, LLC ("SAS") (together, "Defendants"), hereby submit this Status Report re: Arbitration:

Plaintiff Kristine McKeown ("Plaintiff") filed this putative wage-and-hour class action against Defendants in derogation of her contractual obligation to arbitrate.  Specifically, Plaintiff agreed to the terms of her arbitration agreement (the "Agreement")—twice—before she commenced employment with SAS.   The Agreement unequivocally required that Plaintiff "agree to resolve in binding arbitration all claims or controversies" on an individual basis that she may have against Defendants.  In January 2025, Defendants' counsel informed Plaintiff of her agreement to be bound by a binding and enforceable arbitration agreement. Plaintiff refused to stipulate to a dismissal of her class claims and refused to submit her individual claims to arbitration.

On April 25, 2025, Daymon removed this action to the United States District Court for the Northern District of California.  On May 2, 2025, Defendants filed their motion to compel arbitration and dismiss all claims.  On December 12, 2025—nearly five months ago—the Court granted Defendants' motion to compel arbitration and stayed this action pending resolution through arbitration of Plaintiff's individual claims.

To date, Plaintiff has not initiated arbitration or otherwise taken any steps to prosecute her claims following the Court's order compelling arbitration.  On April 7, 2026, Defendants' counsel reached out to Plaintiff's counsel regarding the status of arbitration.  On April 9, 2026, Defendants' counsel again reached out to Plaintiff's counsel regarding the status of arbitration.  Plaintiff's counsel has not responded to Defendants' counsel's outreach, nor has Defendants' counsel heard from Plaintiff's counsel since the December 12, 2025 Order.  Courts dismiss actions where a plaintiff fails to pursue arbitration after being ordered to do so, as

such inaction constitutes a failure to prosecute under Federal Rule of Civil Procedure 41(b). *See, e.g.*, *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 655 (affirming dismissal where plaintiffs failed to timely initiate arbitration). Accordingly, Defendants respectfully submit that dismissal of this action is warranted.

DATED: April 10, 2026

PAUL HASTINGS LLP
CHRIS A. JALIAN
AJA S. NUNN


By:  _____*/s/ Chris A. Jalian*_____
          CHRIS A. JALIAN

Attorneys for Defendants
DAYMON WORLDWIDE INC.,
ADVANTAGE SOLUTIONS, INC.,
and SAS RETAIL SERVICES, LLC

LEGAL_US_W # 186285899.1